IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory Newman, an individual, and Scott Walchek, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>Robert L. McGrath, an individual, Michael L. Shelton, an individual, and DOES 1-10.<br><br>    Defendants. | No. C 06-05931 SBA<br><br>**ORDER**<br><br>[Docket No. 13] |

This matter comes before the Court on Plaintiffs' Application for Entry of Judgment by Default Against Defendant Robert L. McGrath [Docket No. 13]. Having read and considered all the papers filed in connection with this Application, the Court DENIES WITHOUT PREJUDICE Plaintiffs' Application for Entry of Judgment by Default.

**BACKGROUND**

**I.**  **Factual Background**

Defendant Robert L. McGrath was the founder, chairman and chief executive officer of Tanner & Haley Resorts ("Tanner & Haley"), a business and trade name for a number of "destination club" entities that market memberships in clubs that provide access to luxury vacation properties. Declaration of Thomas W. Lathram in Support of Request for Entry of Default of Defendant Robert L. McGrath ("Lathram Decl.") [Docket No. 11], ¶ 6. Plaintiffs' Complaint asserts a single claim for relief based on fraud. Complaint, ¶¶ 29, *et seq.* The Complaint alleges that in reliance on misrepresentations

by defendants McGrath and Shelton, plaintiffs Gregory Newman and Scott Walchek each paid $495,000 to Legendary Retreats, one of the Tanner & Haley destination clubs, on or about April 30, 2006. *Id.,* ¶¶ 16-24.

Shortly thereafter, on July 23, 2006, the Tanner & Haley entities all filed Chapter 11 petitions in the United States Bankruptcy Court, District of Connecticut. *Id.*, ¶ 27; Lathram Declaration ¶ 6. On or about August 15, 2006, defendant McGrath resigned his positions at Tanner & Haley Resorts, and he is not involved in the bankruptcy proceedings. Compl., ¶28; Lathram Decl., ¶ 6.

## II.    Procedural Background

On September 25, 2006, Plaintiffs filed the instant Complaint.  Plaintiffs served McGrath on December 20, 2006. *See* Docket No. 8. On January 8, 2007, this Court stayed this action as to defendant Shelton based on an Interim Order of the Connecticut Bankruptcy Court extending the protection of the automatic stay provisions of the Bankruptcy Code to Shelton on an interim basis.[1] *See* Docket No. 9. The Connecticut Bankruptcy Court hearing on the motion for a final order extending the stay to Shelton has  been continued to April 10, 2007. This Court further ordered that the action shall proceed as to defendant McGrath. Docket No. 9.

Plaintiff's counsel contacted counsel in Connecticut that had been retained by McGrath to represent him in connection with the Connecticut bankruptcy proceedings in late January 2007. Lathram Decl., ¶¶ 7-11. Plaintiffs initiated  settlement discussions with McGrath via the Connecticut counsel, however, the Connecticut counsel interrupted the discussions and failed to complete them. *Id.* Defendant McGrath has since failed to file any responsive pleading to the Complaint. Lathram Decl., ¶ 12.

Plaintiffs filed their Request for Entry of Default of defendant McGrath on January 29, 2007.

---

[1] Shelton is apparently actively involved in the bankruptcy proceedings. On November 30, 2006, the Bankruptcy Court in Connecticut ordered that the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362(a)) be extended to Shelton in connection with the matter of *In re: COMPLETE RETREATS, LLC, et al.*, Bankruptcy Case No. 06-50245 (AHWS). *See* Declaration of Thomas W. Lathram In Support of Notice of Order and Request to Continue Case Management Conference, Ex. A [Docket No. 5].

2

*See* Docket No. 10. Default was entered by the Clerk of the Court as to defendant McGrath on January 30, 2007. *See* Docket No. 12. Based on the entry of default, plaintiffs now seek entry by the Court of a final judgment by default against defendant McGrath.

## **LEGAL STANDARD**

Once the Clerk of Court has entered default, a plaintiff may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). The decision to enter a default judgment is discretionary, with the Court's determination based on several factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When … multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the … parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment

The controlling case on the subject of default judgments in actions involving multiple defendants is *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872). The Ninth Circuit has summarized the holding of *Frow* as follows:

> The Court held in *Frow* that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

*In re: First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (finding that the bankruptcy court violated the *Frow* principle and abused its discretion by entering final default judgments that directly contradicted its earlier ruling in the same action). The Ninth Circuit has interpreted the rule in *Frow* to apply to defendants who have closely related defenses or are otherwise similarly situated, even if not jointly and severally liable. *Id*.

3

**ANALYSIS**

Plaintiffs' Complaint asserts a single claim for relief based on fraud. The claim is directed towards both defendants and does distinguish them with respect to either the allegedly false statements that form the basis of the fraud claim or to liability. *See* Compl. at ¶¶ 29-30. Clearly, the defendants in this case have closely related defenses. Under *Frow*, "judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants" where the defendants have closely related defenses or are otherwise similarly situated. *In re: First T.D.*, 253 F.3d at 532.

Accordingly, because the legal bases for liability asserted against the defendants are not distinct, judgment should not be entered against defendant McGrath until the matter has been adjudicated with regard to both defendants. *See Frow,* 82 U.S. (15 Wall.) at 554-55; In *re: First T.D.*, 253 F.3d at 532. As the action is presently stayed with respect to defendant Shelton, a default judgment against McGrath would be inappropriate. Plaintiffs' motion is therefore denied.

**CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiffs' Application for Entry of Judgment by Default Against Defendant Robert L. McGrath [Docket No. 13] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED THAT a Case Management Conference is set for April 26, 2007 at 3:30 p.m. Plaintiffs shall prepare a Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. The Case Management Statement shall inform the Court of the status of the Interim Order of the Connecticut Bankruptcy Court extending the protection of the automatic stay provisions of the Bankruptcy Code to Shelton on an interim basis. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 4/4/07

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge