United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory Newman, an individual, and Scott Walchek, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>Robert L. McGrath, an individual, Michael L. Shelton, an individual, and DOES 1-10.<br><br>    Defendants. | No. C 06-05931 SBA<br><br>**ORDER**<br><br>[Docket No. 26] |

This matter comes before the Court on Plaintiffs Gregory Newman and Scott Walchek's motion for leave to file a motion for reconsideration of the Court's Order denying plaintiffs' Application for Entry of Judgment by Default Against Defendant Robert L. McGrath [Docket No. 26]. Having read and considered all the papers filed in connection with this Application, the Court DENIES WITHOUT PREJUDICE Plaintiffs' motion for leave to file a motion for reconsideration.

## **BACKGROUND**

**I.   Procedural Background**

On September 25, 2006, Plaintiffs filed the instant Complaint. Plaintiffs served McGrath on December 20, 2006. *See* Docket No. 8. On January 8, 2007, this Court stayed this action as to defendant Michael L. Shelton based on an Interim Order of the Connecticut Bankruptcy Court extending the

protection of the automatic stay provisions of the Bankruptcy Code to Shelton on an interim basis.[1] *See* Docket No. 9. The Connecticut Bankruptcy Court hearing on the motion for a final order extending the stay to Shelton had been continued to April 10, 2007. This Court further ordered that the action shall proceed as to defendant McGrath. Docket No. 9.

Plaintiff's counsel contacted counsel in Connecticut that had been retained by McGrath to represent him in connection with the Connecticut bankruptcy proceedings in late January 2007. Lathram Decl., ¶¶ 7-11. Plaintiffs initiated settlement discussions with McGrath via the Connecticut counsel, however, the Connecticut counsel interrupted the discussions and failed to complete them. *Id.* Defendant McGrath has since failed to file any responsive pleading to the Complaint. Lathram Decl., ¶ 12.

Plaintiffs filed their Request for Entry of Default of defendant McGrath on January 29, 2007. Docket No. 10. Default was entered by the Clerk of the Court as to defendant McGrath on January 30, 2007. Docket No. 12. Based on the entry of default, on February 13, 2007, plaintiffs applied for entry by the Court of a final judgment by default against defendant McGrath. Docket No. 13. On April 4, 2007, the Court denied the motion for default judgment, finding that, pursuant to *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), because the legal bases for liability asserted against the defendants are not distinct, judgment should not be entered against defendant McGrath until the matter has been adjudicated with regard to both defendants. Docket No. 22.

On April 16, 2007, plaintiffs filed a Supplemental Case Management Statement in which they indicated their intention to seek leave of court to file a motion for reconsideration of the April 4 Order. Docket No. 24. On April 24, 2007, the Court issued an Order noting that a motion for reconsideration must be made in accordance with Civil Local Rule 7-9 and holding that any such motion must be filed

---

[1] Shelton is actively involved in the bankruptcy proceedings. On November 30, 2006, the Bankruptcy Court in Connecticut ordered that the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362(a)) be extended to Shelton in connection with the matter of *In re: COMPLETE RETREATS, LLC, et al.*, Bankruptcy Case No. 06-50245 (AHWS). *See* Declaration of Thomas W. Lathram In Support of Notice of Order and Request to Continue Case Management Conference, Ex. A [Docket No. 5].

on or before May 25, 2007. Plaintiffs filed the instant motion on May 25, 2007.[2] One June 20, 2007, plantiffs filed another Supplemental Case Management Statement stating that the Connecticut Bankruptcy Court has again extended the stay as to Shelton through June 29, 2007. Docket No. 31. Plaintiffs note that "based on these filings and the Connecticut Bankruptcy Court's prior and current rulings, it appears likely that the automatic stay provisions of the bankruptcy code will continue to be extended to Shelton during the period of the wind-down of the bankruptcy proceedings." *Id.*

## LEGAL STANDARD

Civil Local Rule 7-9 governs motions for reconsideration and provides as follows:

> Before the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L. R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion**.**

Civil L. R. 7-9(a). Under Civil Local Rule 7-9(b), before leave to file a motion for reconsideration is granted, the moving party must specifically show:

> (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

## ANALYSIS

Plaintiffs state that their Motion for Reconsideration is based on "new material facts emerging after the time of the Court's April 4 Order." Specifically, the motion is based on the fact that the hearing

---

[2] Plaintiffs erroneously scheduled a June 26, 2007 hearing for their motion for leave to file a motion for reconsideration. Hearings are not held on such motions.

3

in the Connecticut Bankruptcy Court for a final order extending the automatic stay provisions of the Bankruptcy Code to Shelton has been continued an additional five times subsequent to the Court's April 4 Order. In addition, the exclusive periods in the Connecticut bankruptcy proceeding for submitting a reorganization plan and seeking approval of the plan have been extended twice subsequent to the filing of the Application for Default Judgment, once before April 4 and once after. Plaintiffs submit that these continuances and extensions constitute "new material facts" supporting a conclusion that the "possibility of prejudice to plaintiffs if entry of judgment by default is denied has increased" and warrant reconsideration of the Court's denial of the Application for Default Judgment.

The continuances on the hearing for a final order extending the automatic stay provisions, and the subsequent extension of the stay through June 29, 2007 are, while technically "new facts," simply a continuation of the status quo upon which the Court relied in denying the motion for default judgment. The extension of the stay does not affect this Court's analysis of the merits of the motion for default judgment, and plaintiffs offer nothing to suggest that the "possibility of prejudice" has actually "increased" due to the subsequent extension.

Plaintiffs also state that the Motion for Reconsideration "presents brief arguments responsive to" the Court's reliance on *Frow*. Plaintiffs refer to arguments along these lines plaintiffs made in their April 16, 2007 Supplemental Case Management Statement, the primary thrust of which appear to simply be that the Court "got it wrong" with respect to its analysis of the applicability of *Frow* to this case. However, as defendants concede, these arguments were not made in the Application for Default Judgment, and the Court will not consider arguments based on established authority that could have been made in its prior motion. *See* Civil L.R. 7-9(b)(2).

In essence, plaintiffs argue that because *nothing* has changed -- neither the salient facts nor the law -- the Court should reconsider its order denying default judgment. Plaintiffs have failed to demonstrate a "a material difference in fact or law" as required by Civil Local Rule 7-9.

4

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' motion for leave to file a motion for reconsideration of the Court's Order denying Plaintiffs' Application for Entry of Judgment by Default Against Defendant Robert L. McGrath [Docket No. 26] is DENIED WITHOUT PREJUDICE. While it denies the motion without prejudice, the Court will not entertain further motions for reconsideration until such time as the stay provisions are lifted with respect to Shelton.

IT IS SO ORDERED.

Dated: 6/25/07

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge

5