IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory Newman, an individual, and Scott Walchek, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Robert L. McGrath, an individual, Michael L. Shelton, an individual, and DOES 1-10.<br><br>Defendants. | No. C 06-05931 SBA<br><br>**ORDER**<br><br>[Docket No. 42] |

This matter comes before the Court on Plaintiffs Gregory Newman and Scott Walchek's Second Motion for Reconsideration of Order Denying Entry of Judgment by Default pursuant to Federal Rules of Civil Procedure 55(b)(1) [Docket No. 42]. Having read and considered all the papers filed in connection with this Motion, the Court Grants Plaintiffs' Motion.

## **BACKGROUND**

Default was entered by the Clerk of the Court as to defendant Robert L. McGrath on January 30, 2007. Docket No. 12. Plaintiffs filed their Application for Entry of Judgment by Default Against Defendant Robert L. McGrath (Fed. R. Civ. P. 55(b)(2)) [Docket No. 14] on February 13, 2007. On April 4, 2007, the Court entered its Order denying the Application for Default Judgment without prejudice. Docket No. 22. The Court ruled that default judgment should not be entered against defendant McGrath while the action was still pending against defendant Michael L. Shelton. Shelton had not been served and the action was stayed as to him due to an order of the Connecticut Bankruptcy Court

extending the automatic stay provisions of the bankruptcy code to him. *Id.*

On May 25, 2007, plaintiffs filed their Motion for Leave to File Motion for Reconsideration of Order Denying Judgment by Default. Docket No. 26. On June 27, 2007, the Court denied without prejudice the Motion for Leave to File a Motion for Reconsideration. Docket No. 33. The Court concluded its order with the following statement: "While it denies the motion without prejudice, the Court will not entertain further motions for reconsideration until such time as the stay provisions are lifted with respect to Shelton."

Although the Connecticut bankruptcy proceeding is still ongoing, the stay provisions of the bankruptcy code have been lifted as to defendant Shelton. *See,* Lathram Decl. ¶¶ 3-5. Rather than serve the summons and complaint on him and litigate with him at this point, however, plaintiffs elected to dismiss the action without prejudice as to defendant Shelton. The court ordered the dismissal on November 16, 2007. Docket No. 41.

## **LEGAL STANDARD**

### **I.  Motion for Reconsideration**

Civil Local Rule 7-9 governs motions for reconsideration and provides as follows:

> Before the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L. R. 7-9(b).  No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion**.**

Civil L. R. 7-9(a). Under Civil Local Rule 7-9(b), before leave to file a motion for reconsideration is granted, the moving party must specifically show:

> (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

2

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

## II. Motion for Default Judgment

Once the Clerk of Court has entered default, a plaintiff may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). The decision to enter a default judgment is discretionary, with the Court's determination based on several factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).

## ANALYSIS

The lifting of the stay provisions of the bankruptcy code as to defendant Shelton, as well as the dismissal of the claims against him, clearly constitute "new material facts" warranting reconsideration of the denial of the application for default judgment. Indeed, this is precisely the scenario contemplated by this Court as constituting grounds for reconsideration in its previous order. *See* Docket No. 33.

Defendant McGrath has failed to answer the complaint and the Clerk has entered default against him. *See* Docket No 12. Similarly, he has failed respond to the motion for default judgment. There is no indication that any of the factors enumerated in *Eitel*, 782 F.2d at 1471-72, militate against entry of default judgment. Accordingly, default judgment against McGrath is appropriate.

## CONCLUSION

Plaintiff's Second Motion for Reconsideration of Order Denying Entry of Judgment by Default is hereby GRANTED. Judgment by default is ordered in favor of plaintiff Gregory Newman and against defendant Robert L. McGrath in the amount of $495,000 plus costs of suit, and Judgment by default in favor of plaintiff Scott Walchek and against defendant Robert L. McGrath in the amount of $495,000 plus costs of suit.

IT IS SO ORDERED.

Dated: 2/22/08 _____
SAUNDRA BROWN ARMSTRONG
United States District Judge